IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RICKY LYNN BOYD                                                                                            PLAINTIFF

V.                                            NO. 5:06cv00028 SWW-JWC

DR. RICHARD PLANT                                                                                    DEFENDANT

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**I. Instructions**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR  72201-3325

## II. Recommended Disposition

On June 27, 2007, this Court entered its scheduling order (see docket entry #43). A copy of same was mailed to Plaintiff personally the same day as entered by the Clerk of the Court at his last known address at the Tucker Unit (see docket entry #44). The Court's scheduling order has been returned undelivered, marked "Paroled" (docket entry #45) and Plaintiff has failed to inform the Court of any change in his address. In response to this situation, Defendant Plant has filed a motion to dismiss and brief in support for lack of prosecution and for failure to abide by the local rules of court (docket entries #46, #47). According to Defendant, on June 18, 2007, defense counsel attempted to serve notice to Plaintiff of his deposition which had been scheduled for July 11, 2007. That mailing was returned undelivered due to Plaintiff's parole, as was the Court's scheduling order. Plaintiff has had no contact with either defense counsel or the Court since October 26, 2006, when he filed his response to Defendants' first motion to dismiss (see docket entry #25) and he has failed to inform either of his whereabouts. A member of this Court's staff has confirmed that Plaintiff was paroled from the Arkansas Department of Correction on June

19, 2007, and immediately detained to Texas where he is supposedly incarcerated. An inmate search of the Texas Department of Correction, however, produced no information about Plaintiff's current location. Under these circumstances, Defendant's motion should be granted and Plaintiff's case dismissed without prejudice due to his failure to prosecute the action diligently.[1] Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III. Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1.   Defendant's motion (docket entry #46) should be GRANTED and Plaintiff's case DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE for failure to prosecute.

2.   Any PENDING MOTIONS should be DENIED AS MOOT.

---

[1] The Court should decline to dismiss for failure to abide by Local Rule 5.5(c)(2). "Local rules have the force of law, and parties are charged with knowledge of them." Jones v. Johnson, 186 Fed. Appx. 691, 692 (8th Cir. 2006) (unpub. per curiam) (prisoner-plaintiff technically violated local rules by failing to notify the court of his address change; however, district court was not authorized to dismiss for such a violation in the absence of plaintiff's failure to respond to a court communication) (citing Jetton v. McDonnell Douglas Corp., 121 F.3d 423, 426 (8th Cir. 1997)).

3.  The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from any order adopting this recommendation and any judgment entered thereunder WOULD NOT BE TAKEN IN GOOD FAITH.

DATED this 1st day of August, 2007.

_____
UNITED STATES MAGISTRATE JUDGE